Andrew D. Huppert, Esq.
andrew@carey-law.com
Steven S. Carey, Esq.
steve@carey-law.com
CAREY LAW FIRM, P.C.
225 W. Broadway • P.O. Box 8659
Missoula, MT 59807-8659
Telephone: (406) 728-0011

-- *Attorneys for Plaintiff Ann Arbitman*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| ANN ARBITMAN, | Cause No. _____ |
|---|---|
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| PAWS UP RANCH, LLC, and DOES A – E, | |
| Defendants. | |

Plaintiff, through counsel, for her Complaint for relief, alleges as follows:

## THE PARTIES

1. Plaintiff, Ann Arbitman, was at all relevant times an Arizona citizen and resident of Scottsdale, Maricopa County, Arizona.

2. Defendant, Paws Up Ranch, LLC, was at all relevant times a Limited Liability Company headquartered in Nevada and doing business in Montana.

3. The true names and capacities of the Defendants named herein as Does A- E, inclusive, are unknown to Plaintiff at this time, who therefore brings this action against said Defendants by fictitious name. Plaintiff will seek leave to amend the complaint to state the true names and capacities of Does A-E when the same have been ascertained, together with further charging allegations, as appropriate. Plaintiff is informed and believes and thereon alleges that each of said fictitiously named Defendants may be legally responsible in some manner for the occurrences alleged herein and that Plaintiff's damages as alleged herein may have been proximately caused in part by said Defendants' unlawful or intentional acts or omissions. Does A-E are believed to be natural persons, immediate employers, directors, corporations, joint ventures, and/or other legal entities who may be legally liable for the Anthony Garcia's injuries and Plaintiff's damages

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is proper pursuant to 28 USC § 1332(a) because of the diversity of citizenship between Plaintiff and the Defendant and because the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

5. Venue in this Court is proper pursuant to 28 USC § 1391(a) because the events or omissions giving rise to the claims stated herein occurred in Missoula County, Montana.

6. This case is properly assigned to the Missoula Division pursuant to Local Rule 1.2(c) as the acts complained of herein occurred in Missoula County, Montana, which is within the Missoula Division.

## GENERAL ALLEGATIONS

7. Defendant owns and operates a luxury guest ranch and resort, known as the "Paws Up Ranch," (hereinafter "Paws Up") near Greenough, Montana.

8. Defendant invites the public to book luxury vacations at Paws Up and offers a variety of activities, including "cattle drives." Defendant advertises cattle drives as appropriate for both novice and advanced riders and promises that rides will be guided by "seasoned ranch hands."

9. Plaintiff and her family were guests at Paws Up in August 2015, and signed up to participate in the Paws Up cattle drive.

10. The cattle drive took place on August 4, 2015. Plaintiff was 70 years old on that date and was a complete novice horseback rider with limited riding skills.

11. Before going on the cattle drive, Plaintiff told representatives at Paws Up that she was a novice rider. She specifically told the two women wranglers who rode with the group that she was a novice rider.

12. The wranglers did not discuss safety or otherwise inform the riders of potential hazards prior to the ride. The wranglers did not ask the members of the group whether anyone felt uncomfortable or needed extra care.

13. In the course of the ride, the riders and horses came to a bog approximately 6-10 feet wide that was muddy, wet and uneven. The riders were instructed to cross the bog, but the horses were resistant and did not want to cross. The wranglers therefore suggested the riders ride around to the left of the bog in order to avoid crossing. Plaintiff did as instructed and went around the left side of the bog.

14. The riders and horses then turned right and rode parallel to the bog for several hundred feet. The riders were then instructed by one of the wranglers to cross back over the bog by jumping their horses in order to access the cattle.

15. Plaintiff told one of the wranglers she was not capable of jumping the bog and would need assistance. The wrangler provided no assistance and instead told Plaintiff it was too late and that her horse was preparing to jump.

16. Plaintiff's horse then jumped while attempting to cross the bog and Plaintiff was violently thrown to the ground and sustained serious injuries.

## COUNT I: NEGLIGENCE

17. Plaintiff alleges paragraphs 1 through 16 as if fully set forth herein.

18. Defendant and its wranglers held themselves out as having experience, expertise, and knowledge of the characteristics and/or temperament of horses and the associated risks of horse-related activities.

19. Defendant had a duty to make reasonable and prudent efforts to determine Plaintiff's experience and riding abilities, Plaintiff's ability to safely

manage the horse selected by Defendant, and Plaintiff's ability to safely engage in all aspects of the ride selected by Defendant.

20. Plaintiff has never owned a horse, has rarely ridden a horse, and has little or no knowledge of the characteristics and/or temperament of horses or the associated risks of horse-related activities. Plaintiff provided this information to Defendants prior to the ride and was assured she would be fine.

21. Defendant was negligent in failing to make reasonable and prudent efforts to determine Plaintiff's experience and riding abilities, ability to safely manage the horse, and/or safely manage the ride selected by Defendant.

22. Defendant was negligent in requiring Plaintiff to cross the bog in order to participate in the ride, which forced Plaintiff to perform a difficult riding maneuver that was beyond Plaintiff's riding ability.

23. Plaintiff's accident and resultant injuries were foreseeable to the Defendant and Defendant is responsible for Plaintiff's foreseeable injuries.

### COUNT II: WILLFUL AND WANTON DISREGARD FOR PLAINTIFF'S SAFETY

24. Plaintiff alleges paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff has never owned a horse, has rarely ridden a horse, and has little or no knowledge of the characteristics and/or temperament of horses or the associated risks of horse-related activities.

26. Defendant failed to determine Plaintiff's experience and riding abilities, Plaintiff's ability to safely manage the horse selected by Defendant, or Plaintiff's ability to safely engage in all aspects of the ride.

27. Defendant required Plaintiff to cross the bog in order to participate in the ride, which forced Plaintiff to perform a difficult riding maneuver that was beyond Plaintiff's stated riding ability.

28. Defendant's acts or omissions cited in paragraphs 25 through 28 constitute willful or wanton disregard for Plaintiff's safety and caused serious injury to Plaintiff.

## COUNT III: CONSTITUTIONAL CHALLENGE TO §§27-1-727(3)(iv) and (v), MCA

29. Section 27-1-727(3)(iv), MCA, holds that equine sponsors or professionals are not liable for injuries caused by the risks inherent in equine activities unless the equine activity sponsor "committed an act or omission that constituted willful or wanton disregard for the safety of the participant and the act or omission caused the injury."

30. Section 27-1-727(3)(v), MCA holds that equine sponsors or professionals are not liable for injuries caused by the risks inherent in equine activities unless the equine activity sponsor "intentionally injured the participant."

//

//

31.     The "willful and wanton" and "intentional" standards in §§27-1-727(3)(v) and 27-1-727(3)(vi), MCA, violate the equal protection clauses of the United States and Montana Constitution.

32.     The Montana Attorney General has been provided written notice of the constitutional challenge to §§27-1-727(3)(v) and 27-1-727(3)(vi), MCA.

## COUNT IV:  PUNITIVE DAMAGES

33.     The Defendant knew of facts and intentionally disregarded facts that created a high probability of injury to the Plaintiff; deliberately proceeded to act in conscious and intentional disregard of high probability of injury to the Plaintiff; and deliberately proceeded to act with indifference to the high probability of injury to the Plaintiff.

34.     As a direct and proximate result of the Defendants' intentional and malicious acts or omissions, Plaintiff was seriously injured and suffered damages.

WHEREFORE, the Plaintiff requests the following relief:

1.      Reasonable compensation for medical bills and related expenses incurred as a direct and proximate result of the Defendant's negligence and/or willful and wanton conduct;

2.      Reasonable compensation for lost earnings, loss of earning capacity and/or other economic losses as a direct and proximate result of the Defendant's negligence and/or willful and wanton conduct;

3. Reasonable compensation for mental and physical pain and suffering endured as a direct and proximate result of the Defendant's negligence and/or willful and wanton conduct;

4. Reasonable compensation for Plaintiff's loss of enjoyment of established course of life as a direct and proximate result of the Defendant's negligence and/or willful and wanton conduct;

5. Punitive or exemplary damages in order to punish the Defendant and serve as an example to similarly situated entities that conduct of this kind is unacceptable in our society and will not be tolerated;

6. For costs and disbursements incurred herein and interest on any award under applicable Montana law;

7. That the Court declare the "willful and wanton" and "intentional" conduct standards in §§27-1-727(3)(v) and 27-1-727(3)(vi), MCA, unconstitutional under Montana law.

8. For such other and further relief as the Court may deem just and proper.

DATED this 19th day of July, 2017.

/s/ Andrew D. Huppert
CAREY LAW FIRM, P.C.
225 W. Broadway • P.O. Box 8659
Missoula, MT 59807-8659
Telephone: (406) 728-0011
--*Attorneys for the Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury of all issues so triable.

DATED this 19th day of July, 2017.

/s/ Andrew D. Huppert
CAREY LAW FIRM, P.C.
225 W. Broadway • P.O. Box 8659
Missoula, MT 59807-8659
Telephone: (406) 728-0011
--*Attorneys for the Plaintiff*